This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted appellee Antone Luster's petition for post-conviction relief, vacated his sentence and ordered a new trial. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant state of Ohio sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE TRIAL COURT ERRED IN REFUSING TO APPLY TO [SIC] DOCTRINE OF RES JUDICATA TO APPELLEE'S CLAIM.
"ASSIGNMENT OF ERROR NO. 2
 "THE TRIAL COURT'S JUDGMENT GRANTING APPELLEE'S PETITION FOR POST-CONVICTION RELIEF IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"ASSIGNMENT OF ERROR NO. 3
 "THE TRIAL COURT ERRED IN FINDING THAT APPELLEE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
The facts that are relevant to the issues raised on appeal are as follows. On the night of August 27, 1991, Rita Henderson was raped twice in her apartment. The following day, Henderson identified appellee from his picture in a police photo array as the man who raped her. On September 13, 1991, appellee was indicted on one count of rape in violation of R.C.2907.02(A)(2) and one count of aggravated burglary in violation of R.C. 2911.11. On December 2, 1991, the case proceeded to trial by jury, and on December 3, 1991, appellee was found guilty of both counts. At the sentencing hearing, appellee's grandmother appeared with two women who stated that they had witnessed the rape and that it was not appellee who had raped Henderson. The trial court disregarded the women's statements as irrelevant for purposes of sentencing. Appellee appealed his conviction, claiming that the verdict was against the manifest weight of the evidence, and on November 20, 1992, this court affirmed the trial court's judgment.
On October 26, 1993, appellee filed a "MOTION TO VACATE SENTENCE" pursuant to R.C. 2953.21(D). In his motion, appellee asserted that the trial court had failed to act on "new evidence" that was presented at his sentencing hearing through the testimony of two women who claimed to have witnessed a different man rape Henderson. Appellee also claimed the existence of another witness who could support his alibi for the night of the rape and asked the court to subpoena several potential witnesses and set the matter for hearing. At the hearing on this petition, Judge Frederick McDonald testified that he had presided over appellee's trial and that after the trial it came to his attention that an Angela Travis had information favorable to appellee. Judge McDonald testified that in February 1992, he received a letter from appellee stating that he knew of eyewitnesses who had not come forward at the time of trial and who said they would testify on his behalf. Judge McDonald said he mentioned the letter to appellee's trial counsel, who said he would look into it. The judge testified that he received a letter from Angela Travis, dated September 29, 1992, in which Travis stated that she and her daughter knew that appellee was not guilty because they had seen someone else come from Henderson's apartment after the rape. In support of this motion, the defense argued that trial counsel had failed to act on appellee's behalf, despite having knowledge of Angela Travis's statements, thereby violating appellee's constitutional right to effective assistance of counsel. On August 3, 1994, the trial court dismissed appellee's petition, rejecting the claim that appellee was denied effective assistance of counsel when his attorney failed to take action when he learned of Travis's statements.
On September 20, 1996, appellant filed in the trial court a "PETITION FOR POST-CONVICTION RELIEF PURSUANT TO R.C.2953.21." In this petition, appellee claimed that he received ineffective assistance of trial counsel because counsel failed to adequately investigate the case and failed to discover witnesses who could testify on appellee's behalf. Appellee also asserted that he is innocent of the crime for which he was convicted. On January 9, 1998, an evidentiary hearing was held on appellee's petition. At the hearing, appellee presented the testimony of Angela Travis, who stated that after she learned that appellee had been tried and convicted she came to the sentencing hearing and told the court that appellee was not the man who raped Henderson. On March 9, 1998, the trial court filed its judgment entry in which it rejected the state's argument that the petition should be barred by the doctrine of res judicata and found that justice demanded that a new trial be ordered in this case. The trial court granted appellee's motion for a new trial and vacated his conviction.
Appellant state of Ohio now asserts in its first assignment of error that the trial court erred by failing to apply the doctrine of res judicata to appellee's second petition for post-conviction relief. Appellant argues that appellee raised the same issues in his motion to vacate his sentence filed on October 26, 1993. Appellee responds that the second petition does not raise identical claims to those raised and decided by the first.
This court is aware that the Ninth Appellate District has considered this issue in depth and has held that "prior post-conviction relief petitions cannot act as res judicata for later petitions in the same case * * *." See State v. McMinn (May 3, 1995), Medina App. No. 2373-M, unreported. The McMinn court found that the discretion afforded trial courts under R.C. 2953.23(A) to hear successor petitions based upon the same facts is inconsistent with the complete bar presented by res judicata. This court, however, chooses to follow the reasoning of the Eighth Appellate District in State v. Apanovich (1995), 107 Ohio App.3d 82.Apanovich, in disagreeing with McMinn, concludes that "the principles of res judicata are no less applicable simply because R.C. 2953.23(A) affords the trial court discretion to hear successor petitions based upon the same facts." Apanovich, supra, at 89. We agree with Apanovich that the discretion afforded by R.C. 2953.23(A) is the discretion to hear the successor petition in the first instance.
A thorough examination of the record in this case indicates that appellee raised the issue of the new witnesses and trial counsel's failure to pursue the issue in his 1993 petition to vacate his sentence, which was subsequently denied. It is clear from the trial court's August 3, 1994 judgment entry that the issue of the new witnesses and trial counsel's effectiveness was raised and considered at that time. Appellee again raises the identical issue of the witnesses in the 1996 petition. Upon consideration thereof, this court finds that the issue has been decided previously and is res judicata. As to appellee's claim that he is innocent of the crime for which he was convicted, that issue was raised, considered and ruled on in his direct appeal in 1992 and therefore also is res judicata. Accordingly, we find that the trial court erred by failing to apply the doctrine of resjudicata to appellee's 1996 petition for post-conviction relief and appellant's first assignment of error is well-taken. We therefore further find appellant's second and third assignments of error moot.
On consideration whereof, this court finds that appellant was prejudiced and the judgment of the Lucas County Court of Common Pleas granting appellee a new trial and vacating his sentence is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
 JUDGMENT REVERSED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
CONCUR.